UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:20-CR-49 |
| v. ) | |
| ) | JUDGE CRYTZER/GUYTON |
| BREANNA CIERRA SLUDER ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, BREANNA CIERRA SLUDER, and the defendant's attorney, Joshua D. Hedrick, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to an information charging the defendant with production of child pornography in violation of 18 U.S.C. § 2251(a)(e). The punishment for this offense is not less than five (5) years and not more than thirty (30) years imprisonment; a fine of up to $250,000.00; a term of supervised release of not less than five (5) years up to life; a $50,000.00 assessment; restitution of a minimum of $3,000.00 per victim, forfeiture and a $5,100 special assessment.

2. The defendant has read the information, discussed the charges and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements of the offense are as follows:

Elements of Production of Child Pornography

    a. The defendant employed, used, persuaded, induced, or enticed an individual to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so;

    b. The individual was a minor at the time; and

c. The depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

3. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On December 19, 2019, the Homeland Security Investigations Internet Crimes Against Children (HSI-ICAC) Knoxville received four (4) cyber-tips regarding the defendant's significant other, Andrew Stephen Couch (COUCH), distributing child pornography (CP). Additionally, the cyber-tips provided the type of android devices associated with the email accounts and additional email addresses used by COUCH.

One cyber-tip provided information provided were the phones being used to obtain the CP. The cell phones were identified as Android devices associated with the Gmail account: LGK40 phone, meid: 359962102067218 and LGK40 phone, meid: 3599621002668017.

Another tip provided account subscriber information:

Name: Andrew Couch

Mobile Phone: 865-338-6302

Mobile Phone: 865-588-1961

The phone number 865-338-6302 was assigned to a T-Mobile user. An administrative subpoena was issued to T-Mobile and the following information was obtained:

Subscriber Name: Andrew Couch

Service address: 2913 Oregon Ave, Knoxville TN 37921

Telephone: 865-338-6302

United States Postal Inspector confirmed COUCH was receiving mail at the 2913 Oregon Ave. address. The manager of the complex where COUCH lived confirmed that two young children and the defendant were also living in the home.

A search warrant for the defendant's home at 2913 Oregon Ave, Knoxville, in the Eastern District of Tennessee, was obtained and executed on January 23, 2020. Three phones were seized: two Android cellular phones, one in a black case, one in a pink case, and a Motorola phone in a purple case. The defendant identified the pink case phone as belonging to her.

The pink case phone Android LGK40 phone, meid: 359962102668017 was manufactured outside the United States and transported in interstate and foreign commerce, was forensically examined. Eight (8) CP images created on January 12, 2020, were located of the defendant performing oral sex on an infant.

The black case Android LGK40 phone, meid: 359962210267218, for which COUCH took responsibility, was also forensically examined. Found during the examination were the same eight (8) CP images of the defendant performing oral sex on an infant. Also found was a video created on December 12, 2019, of a naked prepubescent minor sitting on COUCH'S lap next to his penis. The video depicts the prepubescent minor playing with COUCH's penis and talking to the defendant. Defendant is not seen in the video, however, the defendant can be heard off screen on the video talking to the prepubescent minor. The defendant admits that she was present during the recording of this video and that she observed COUCH engaging in the above-described sexually explicit conduct with the prepubescent minor.

Defendant admits that on January 12, 2020, the defendant used a minor to engage in sexually explicit conduct, that is the defendant performed oral sex on the infant, for the purpose of producing

3

a visual production of the conduct which was produced on a cellphone that was transported in interstate and foreign conduct.

4. The defendant is pleading guilty because the defendant is, in fact, guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to be indicted by a grand jury for this crime;

    b) the right to plead not guilty;

    c) the right to a speedy and public trial by jury;

    d) the right to assistance of counsel at trial;

    e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    f) the right to confront and cross-examine witnesses against the defendant;

    g) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    h) the right not to testify and to have that choice not used against the defendant.

5. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a sentence that includes a term of imprisonment of thirty (30) years is the appropriate disposition of this case. Additionally, the Court may impose any lawful term of supervised release, fine and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agree to recommend that the Court run the term of imprisonment imposed in this case concurrently with any sentence imposed in

Knox County, Tennessee that is relevant conduct to the instant offense of conviction pursuant to Section 5G1.3(c) of the United States Sentencing Guidelines.

6. The defendant agrees to pay the special assessment in this case prior to sentencing.

7. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to promote the commission of a violation of 18 U.S.C. § 2251, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant agrees to forfeit the defendant's interest in the following property which includes, but is not limited to, the following property seized from defendant, BREANNA CIERRA SLUDER, on or about January 23, 2020:

   a. ANDROID LGK40 phone (black case), meid: 35996210267218; and
   b. ANDORID LGK40 phone (pink case), meid: 359962102668017.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or

5

criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the defendant agrees to send all money judgment payments to the Department of Homeland Security. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

8. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim of any offense charged in this case; and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense.

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-

judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10.    The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one

jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

4/28/21
Date

By: _____
Jennifer Kolman
Assistant United States Attorney

1/28/21
Date

_____
Breanna Cierra Sluder
Defendant

1-28-21
Date

_____
Joshua D. Hedrick
Attorney for the Defendant